UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELVIN CEDENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-00876 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| RYAN UPCHURCH AND ) | |
| FICTITIOUS PERSONS 1-100, ) | |
| ) | |
| Defendants. ) | |

**INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy is more than $75,000.00, exclusive of interest and costs.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: The Defendant, Ryan Upchurch, published certain videos on YouTube in which he defamed the Plaintiff, Melvin Cedeno, a/k/a "Ickedmel." The videos were published on August 20, 2022, and August 21, 2022.

In the first video, entitled *"'Ickedmel' is a sex trafficing [sic] code word*," Mr. Upchurch falsely states that Mr. Cedeno's handle is a sex trafficking code word, thereby implying that Mr. Cedeno is involved in sex-trafficking. Mr. Upchurch had actual knowledge that this was not true – or at the very least, he must have harbored doubts about the truth of the statement – because, that very day, Mr. Upchurch re-published a video that Mr. Cedeno had published several months earlier explaining the true origin of the Ickedmel handle; the origin had nothing whatsoever to do with sex trafficking.

In the second video, entitled, "*Xanamay & ickedmel linked to hidden YouTube Pedo site,*" Mr. Upchurch uses specious logic to connect Mr. Cedeno with pornographic website

links found in the comments section of another YouTuber ("Burden of Proof"). Without laying any predicate, Mr. Upchurch falsely claims that Burden of Proof is another YouTuber named "Xanamay," that Mr. Cedeno is connected to Xanamay, and that these links in the comments are for child porn (even though the links state that they are adult porn).

Although both videos contain defamatory material, the written titles to the videos are defaming as stand-alone content as one could read the titles without viewing the video and get the same message. The title of the first video has been viewed between 1.2 million and 6.3 million times; the second title has been viewed between 1.6 million and 8.3 million times. By way of the titles alone, Mr. Upchurch has communicated to millions of people that Mr. Cedeno is involved in sex trafficking, child pornography, and pedophilia. Thus, Mr. Cedeno claims that this is libel, not slander, for statute of limitations purposes.

The videos have been liked by thousands of people, indicating that Mr. Upchurch's viewers have believed what he has said about Mr. Cedeno. Shortly after the defamation was published, Mr. Cedeno received a death threat from a man in Maine who referenced Mr. Upchurch's content. He also received messages from other followers of Mr. Upchurch, further evincing damage to his reputation. In view of these threats, Mr. Cedeno filed a police report and obtained a security camera for his home. He lost subscribers to his channel, and he has had emotional distress.

Mr. Cedeno alleges that Mr. Upchurch acted with actual malice, reckless disregard for the truth, and/or with actual knowledge that the matters he stated were false. Mr. Upchurch made false and defamatory statements that were designed to demean Mr. Cedeno's reputation and standing in the community without privilege and with the requisite level of fault. Mr. Cedeno further alleges that he is not a public figure. Likewise, Mr. Cedeno contends that Mr. Upchurch was not voicing any opinion that would immunize him from liability.

Because he suffered this injury in Florida, Mr. Cedeno believes that Florida substantive law should be used. To that end, Mr. Cedeno seeks damages for defamation, defamation by implication, and intentional infliction of emotional distress under Florida law. However, if Tennessee law is selected, he seeks damages for the above-mentioned torts, plus false light (which is not viable in Florida but is viable in Tennessee). He also seeks injunctive relief regardless of choice of law to require Mr. Upchurch to remove this defamatory content. Mr. Cedeno seeks aggregate compensatory and punitive damages of $21,010,000, plus all costs and attorney's fees.

2) DEFENDANT: Plaintiff Melvin Cedeno is a YouTuber with over 200,000 subscribers whose videos capitalize on popular missing persons and "true crime" cases through online investigations and discuss and promote theories on such cases. Mr. Cedeno's entire channel, under the name "iCkEdMel," is devoted to this, and he has even appeared on mainstream media outlets to promote his theories. Mr. Cedeno monetizes his videos which serve as a significant source of income. For channels such as Mr. Cedeno's, controversy and online "beef" is par for the course as it drives engagement and, ultimately, revenue.

Defendant Ryan Upchurch is a renowned recording artist and entertainer, with platinum records in a variety of genres. Mr. Upchurch also has a YouTube channel that hosts his music videos, live streams, rants, reviews, and comedic sketches. His videos cover a wide variety of topics and only briefly delved into the "true crime" genre because of his genuine interest in the disappearance of Kiely Rodni.

Beginning in August of 2022, Mr. Cedeno made dozens of videos discussing the disappearance of Kiely Rodni, a teenage girl from Truckee, California, which is where the parties' paths briefly intertwined. At the outset of his involvement in the Kiely Rodni case, Mr. Upchurch joined one of Mr. Cedeno's livestreams to discuss theories about the case and inquire

into an alleged witness named Ronnie Jones. An online dispute arose between Mr. Cedeno and Mr. Upchurch.

Now, Mr. Cedeno is suing Mr. Upchurch for defamation. Mr. Upchurch's comments are opinion protected by the First Amendment and are not defamatory. This is fully briefed in Upchurch's Motion to Dismiss and Memorandum in Support (Doc. Nos. 14 and 15). Additionally, Mr. Cedeno is a general purpose, or at least a limited purpose, public figure and cannot and does not adequately allege and cannot show that Mr. Upchurch made the statements with actual malice.

Mr. Cedeno's claims should be barred by Tennessee's six-month statute of limitation for slander.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before February 5, 2024.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before October 18, 2024. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before April 12, 2024.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 22, 2024. The defendant shall identify and disclose all expert witnesses and reports on or before December 20, 2024.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before March 28, 2025.

J. JOINT MEDIATION REPORT: The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the mediation. The Joint Mediation Report will be filed by October 18, 2024.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 28, 2025. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 5 days.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ Cynthia A. Sherwood
Cynthia A. Sherwood, 020911
Austin M. Correll, 039561
Sherwood Boutique Litigation, PLC
414 Union Street, Suite 1110
Nashville, TN 37219
T: (615) 873-5670
F: (615) 900-2312
cynthia@sherwoodlitigation.com
austin@sherwoodlitigation.com
*Counsel for Defendant Ryan Upchurch*

/s/ Matthew D. Wilson
Matthew D. Wilson, Esq. 028175
The Law Office of Matthew Wilson
2218 W Main Street, Suite B
Tupelo, MS 38801
T: (662) 260-6544
F: (662) 546-4893
starkvillelawyer@gmail.com
*Counsel for Plaintiff Melvin Cedeno*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following via the Court's CM/ECF system:

>Cynthia A. Sherwood, 020911
>Austin M. Correll, 039561
>Sherwood Boutique Litigation, PLC
>414 Union Street, Suite 1110
>Nashville, TN 37219
>cynthia@sherwoodlitigation.com
>austin@sherwoodlitigation.com
>*Counsel for Defendant Ryan Upchurch*

on this the 17th day of January 2024.

>/s/ Matthew D. Wilson
>Matthew D. Wilson, Esq. 028175